

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| PRESTON EDWARD GOFF, | ) | CV 09-04-H-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MIKE FERRITER, Director, State | ) | |
| Department of Corrections; JIM | ) | |
| MacDONALD, Warden, Crossroads | ) | |
| Correctional Center; ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Preston Goff brought this action seeking a writ of habeas corpus under 28 U.S.C. §§ 2241, 2254. United States Magistrate Judge Keith Strong entered Findings and Recommendation in this matter on February 12, 2009. On February 18, 2009, Goff moved to proceed in forma pauperis. Goff also timely objected on February 18, 2009. Therefore, he is entitled to de novo review of

-1-

those portions of the Findings and Recommendation to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Because I agree with Judge Strong's analysis and conclusions, I adopt his Findings and Recommendation in full. Petitioner is familiar with the factual background of this case, so it will not be fully restated here.

Judge Strong found that Goff's petition did not set forth a basis for relief under 28 U.S.C. §§ 2241, 2254, and it should be denied. Goff lists numerous objections to the Findings and Recommendation, but they all fall into two basic categories. First, he objects to Judge Strong's characterization of the facts alleged in his petition. As Judge Strong correctly stated, the Court proceeds on the assumption that all the factual allegations in the petition are true. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007). Upon review of Goff's petition, I agree with Judge Strong's recitation of the facts Goff alleges. The Findings and Recommendation thoroughly and accurately reiterate the allegations in the petition, and properly assume the allegations are true (although, as Judge Strong notes, many of these assertions strain credulity).

Second, Goff objects that Judge Strong misconstrued the basis for relief in

his petition. Goff argues his petition has merit because he is not challenging how he got to Montana, but the alleged violation of the arrest warrant by the agent. Judge Strong correctly restated that basis of Goff's petition, recognizing that the claim for relief is based on the agent's alleged violation of the extradition warrant. Findings & Rec. at 4. I also conclude Judge Strong correctly found that Goff's petition did not set forth a basis for relief under 28 U.S.C. §§ 2241, 2254. His petition does not allege that he "is in custody in violation of the Constitution or laws or treaties of the United States," as required to succeed on a petition for a writ of habeas corpus. 28 U.S.C. §§ 2241(c)(3), 2254(a). As Judge Strong notes, "[t]he jurisdiction of the court . . . is not impaired by the manner in which the accused is brought before it." Lascelles v. Georgia, 148 U.S. 537, 544 (1893). Assuming, as the Court must, that the allegations in Goff's petition are true, he has not set forth any facts to show he is currently being held in violation of the law, whatever circumstances surrounded his transport to Montana. I find no clear error in Judge Strong's remaining findings and recommendations.

After Judge Strong issued his Findings and Recommendation, Goff moved to proceed in forma pauperis. Because I agree with Judge Strong that Goff's petition should be denied, his motion to proceed in forma pauperis is moot. Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation (dkt #3) are adopted in full, and Goff's Petition (dkt # 1) is DENIED.

IT IS FURTHER ORDERED that Goff's Motion to Proceed In Forma Pauperis (dkt # 4) is DENIED as moot.

The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

The Clerk of Court is further directed to have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

DATED this 2 day of March, 2009.

Donald W. Molloy, District Judge
United States District Court